# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Roxanne Harkness, | )<br>) |
| Plaintiff, | ) C/A No. 1:20-cv-02403-MBS<br>) |
| v. | )<br>) **ORDER** |
| Andrew M. Saul,<br>Commissioner of the<br>Social Security Administration, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

On June 25, 2020, Plaintiff Roxanne Harkness filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff filed her DIB and SSI applications on July 12, 2016, alleging disability beginning June 3, 2016, at the age of 50. Plaintiff alleged disability due to cardiac conditions, copper toxicity, dyslipidemia, stomach acid, cellulitis, allergies, and a sleep disorder. Plaintiff's applications were denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on January 16, 2019 and issued an unfavorable decision on June 17, 2019. He determined that Plaintiff has severe impairments of congestive heart failure, coronary artery disease, hypertension, carpal tunnel syndrome, and obesity. ECF No. 14 at 65. However, he found that while these impairments "could reasonably be expected to produce the alleged symptoms, the intensity, persistence and functionally limiting effects of claimant's complaints are not

fully supported by the objective and longitudinal medical evidence." *Id.* at 69. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On April 5, 2021, Plaintiff filed her brief challenging the ALJ's decision on the ground that the ALJ failed to consider limitations caused by Plaintiff's fatigue and shortness of breath in formulating her residual functional capacity ("RFC"). ECF No. 18. The Commissioner filed his response to Plaintiff's brief on May 14, 2021, ECF No. 20, and Plaintiff filed a reply brief on May 28, 2021, ECF No. 21.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation ("Report"). On June 14, 2021, the Magistrate Judge filed her Report recommending that the court affirm the Commissioner's decision to deny benefits. ECF No. 23. The Magistrate Judge found as follows:

> The ALJ considered the entire record in declining to accept Plaintiff's allegations that fatigue and shortness of breath imposed disabling functional limitations. He considered Plaintiff's reports of symptoms to her medical providers. Tr. at 66. He noted objective evidence of clear lungs, normal and no increased respiratory effort, no respiratory distress, improvement with use of a CPAP machine, and normal breath sounds as inconsistent with her allegations of shortness of breath. Tr. at 65. He acknowledged that Plaintiff's medical providers had determined her complaints of shortness of breath to be non-cardiac in origin and had noted she was doing well from a cardiac standpoint. Tr. at 65, 66. He also reflected that the record contained no evidence to suggest Plaintiff had sought "vocational rehabilitation services for training or work-enabling treatment." Tr. at 65. Thus, the ALJ cited substantial evidence to support his conclusion that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not consistent with the objective medical evidence and the other evidence of record.

ECF No. 23 at 41 (citing SSR 16-3p, 2016 WL 1119029, at *7).  And the Magistrate Judge noted:

> Despite having not accepted all of Plaintiff's allegations as to the disabling effect of her symptoms, the ALJ still considered shortness of breath and fatigue in assessing her RFC. He considered Plaintiff's ability to perform work activity on a regular and continuing basis, specifically finding she could perform the reduced range of light work in the RFC assessment "[o]ver the course of an 8-hour workday, in 2-hour increments with normal and acceptable work breaks." Tr. at 63. He noted he had considered the effects of obesity pursuant to SSR 19-2p and fatigue in accordance with SSR 16-3p and SSR 96-8p in assessing the RFC and in limiting Plaintiff to "unskilled, routine tasks and occasional hazard exposure." Tr. at 64. He further explained: "In terms of the claimant's coronary impairments and obesity, I have limited the claimant to less than a full range of light work with additional postural and environmental restrictions." Tr. at 67

ECF No. 23 at 41-42.  Accordingly, the Magistrate Judge concluded that "[t]he ALJ's RFC assessment reflects his thorough consideration of Plaintiff's allegations as to shortness of breath and fatigue in accordance with 20 C.F.R. § 404.1545(a)(3) and §416.945(a)(3) and SSR 16-3p," and that, contrary to Plaintiff's contention, the ALJ "addressed Plaintiff's ability to perform relevant functions" and provided "specific reasons for the restrictions he included in the RFC assessment and rational explanations for having declined to assess further restrictions." *Id.* at 43-44.  The Magistrate Judge notified the parties of their right to file objections to her Report within fourteen days.  *See id.* at 44-45.  Plaintiff moved without opposition for an extension of that deadline to July 18, 2021, which motion the court granted.  The extended deadline for filing an objection has now passed and no objection is on file.

       This matter is now before the court for review of the Magistrate Judge's Report.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final

3

determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding Plaintiff's election to not file an objection, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Report, ECF No. 23, and incorporates it herein by reference. The Commissioner's final decision of no disability is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

August 10, 2021
Columbia, South Carolina

4